## AS TO THE LOCATION OF GATES AT A GRADE CROSSING.

Court of Appeals for Ross County.

THE CHILLICOTHE ELECTRIC RAILROAD, LIGHT & POWER COMPANY
v. NORFOLK & WESTERN RAILWAY COMPANY ET AL.

Decided, February 29, 1916.

*Grade Crossings—Location of Safety Gates—Presumption that When Gates Have Been Placed it Has Been Done in Accordance With the Order of the Public Utilities Commission.*

1. By the provisions of Section 588, the Public Utilities Commission has authority to order the erection of a gate where the tracks of a railroad cross a public street at grade, but such gate can only be lawfully ordered erected at such crossing.

2. Such commission, being an administratrive body, is presumed to know whether its order has been obeyed, and in the absence of a suit by it to enforce such order the courts will presume that in the opinion of the commission its order has been obeyed.

3. When the commission has ordered a gate placed at such crossing, and it has taken no steps under the provisions of Section 614-67 (Section 70) to enforce such order, the courts will conclude that in the opinion of the commission the gate has been located at the crossing and that such location of the gate is the order of the commission, and hence the provisions of Section 549 (Section 38), 103 O. L., 816, divest the court of common pleas and the court of appeals of jurisdiction to restrain the erection of such gate at such location on the ground that the gate was not located at the crossing.

*L. B. Yaple* and *John P. Phillips,* for plaintiff.
*Henry Bannon* and *Lyle S. Evans,* contra.

SAYRE, J.

The plaintiff brought suit in the court of common pleas, seeking an injunction to restrain the defendants from erecting a gate on East Main street in the city of Chillicothe, Ohio, at the intersection of such street and the track of the defendant, Norfolk & Western Railway Company. The railway company was undertaking to carry out an order made by the public utilities

commission of Ohio, directing it to erect a gate at such crossing.

Main street in Chillicothe runs east and west. The railroad tracks crossing such street are so located that if each end of the gate was placed the same distance from the rail farthest west and parallel to it, the gate would extend in a northwesterly and southeasterly direction. The railway company, for supposed convenience and safety to teams and automobiles using Main street, located the end of the gate on the north side of the street about seven feet west of the west rail and the south end about seventy feet west of such rail so that the gate would stand on a north and south line or at right angles to the sides of Main street.

The plaintiff operates a street railroad in Chillicothe and its east-bound cars on Main street are brought to a stop very near the railroad tracks, but do not cross the same. The railroad station used jointly by the Baltimore & Ohio Southwestern and Norfolk & Western companies is southeast of the place where the tracks cross Main street, and if the gate in question was located parallel with the west rail of the tracks, as above described, the cars of the plaintiff can approach so near the railroad tracks that passengers alighting at the station can see such cars; but if the gate was placed at right angles to the sides of Main street, as above described, the cars must stop farther west and can not be seen by passengers when alighting at the station; and it is claimed by the plaintiff that because passengers can not see its cars at that time they take other means of conveyance into the city of Chillicothe and thus the plaintiff loses a large amount of traffic.

The plaintiff brought this action for an injunction on the ground that the order of the public utilities commission was not being obeyed, in that the gate was not being erected at the crossing. The order of the commission directs that the gate be placed at the crossing. The defendants claim that the gate was being erected at the crossing. Defendants claim they were obeying the order of the commission. Plaintiff claims they were disobeying it.

Section 614-67 (Section 70) provides that:

"Whenever the commission shall be of the opinion that any public utility or railroad has failed, omitted or neglected to obey any order made with respect thereto, or is about to fail or neglect so to do, or is permitting anything, or about to permit anything contrary to, or in violation of law, or an order of the commission, duly authorized under the provisions of this act, the Attorney-General, upon the request of the commission, shall commence and prosecute such action, actions, or proceedings in mandamus or by injunction in the name of the state, as may be directed by the commission, against such public utility or railroad, alleging the violation complained of and praying for proper relief, and in such case the court may make such order as may be proper in the premises."

By the provisions of this section the commission has a complete remedy to enforce its orders, and we conclude that this is the exclusive remedy for enforcing the orders of the commission. No other person or persons can maintain a suit to enforce such order on the theory that an order of the commission has not been obeyed.

The commission being an administrative body, it is its business to know whether its order has been obeyed, and so long as the commission takes no steps to enforce its order the courts must conclude that in the opinion of the commission its order is being or has been obeyed.

Section 549 (Section 38), 103 O. L., 816, provides:

"No court other than the Supreme Court shall have power to review, suspend or delay any order made by the commission or enjoin, restrain or interfere with the commission or any member thereof in the performance of official duties." * * *

Plaintiff's contention is that it is not, by this suit, seeking to delay any order made by the commission or to enjoin, restrain or interfere with the commission in its official duties, but rather that it is aiding the commission in the performance of its duties by seeking to enjoin the disobedience of the order of the commission because it claims the defendants are not erecting the gate at the crossing where the commission ordered the gate to be erected.

But it is clear that if the gate is located where the commission intends it shall be located then such location is the order of the commission.

The court will presume under all circumstances, except in case the commission brings an action to enforce its order, that in the opinion of the commission the order is being obeyed and that where an order issued by, the commission is being executed that such execution is in accordance with the order and direction of the commission.

The court, therefore, concludes that the location of the gate at right angles to the sides of Main street, as above described, is in accordance with the order of the commission and that such location is its order.

It is clear then, if we are free from error in the conclusion reached, that neither the court of common pleas nor the court of appeals has any power to entertain the present suit, and that each is wholly without jurisdiction in the premises.

The petition will therefore be dismissed.

WALTERS, J., and MERRIMAN, J., concur.