POTTORF ET AL., APPELLANTS, *v.* THE EAST OHIO GAS CO., APPELLEE.

(No. 2314—Decided November 1, 1948.)

*Messrs. Amerman, Mills, Mills, Jones & Mansfield,* for appellants.

*Messrs. Burt, Carson, Lynch & Miller,* for appellee.

McCLINTOCK, J. This is an appeal on questions of law from the Court of Common Pleas of Stark County. A petition was filed by plaintiffs, appellants herein, in the court below, seeking a restraining order to restrain The East Ohio Gas Company from turning off the gas used by plaintiffs for domestic consumption in their home. An answer was filed by defendant, appellee herein, and a reply by plaintiffs. The court below granted a temporary restraining order as prayed for by plaintiffs in their petition.

Thereafter defendant filed a motion to dissolve the restraining order on the ground that the court is without jurisdiction therein and is without authority to make such order. This motion came on for hearing in the court below on a stipulated agreement of facts, which is as follows:

"Show that this matter came on for hearing upon the motion of the defendant to dissolve the temporary restraining order heretofore issued, and upon the arguments of counsel, and that it is stipulated by and between counsel for the plaintiffs and the defendant that the notice of appeal in the Supreme Court of Ohio from the Public Utilities Commission of Ohio in the matter of the investigation of the supply of natural gas within the state of Ohio, being No. 13618, of which a certified copy is attached to said motion to dissolve, was filed in the Supreme Court on the 10th day of May, 1948, and that no further proceedings have been taken thereon; that said appeal has been neither perfected nor dismissed."

After due consideration by the court below, it dissolved the restraining order heretofore allowed to plaintiffs on the ground that the court was without jurisdiction and without authority to grant the restraining order and dismissed the petition of the plaintiffs.

Thereupon, the plaintiffs appealed to this court and for their assignment of error say:

"1. The Common Pleas Court erred in holding that it had no jurisdiction of the subject matter."

The material allegations of the plaintiffs' petition are as follows: That they were and have been for 25 years a customer of defendant company and have purchased and do now purchase natural gas from defendant for domestic use in their home at 907 Broad Avenue N. W., Canton, Ohio, that on April 3, 1948, they installed what is known as a gas-conversion burner

for the purpose of heating their home, that since April 3, 1948, they have purchased gas from the defendant for the purpose of heating their home in addition to the purchase of gas for cooking and heating, and that on May 6, 1948, the defendant notified plaintiffs in writing that defendant would, within 10 days from the date of the receipt of such notice, shut off the gas from plaintiffs' home and refuse to furnish any gas thereafter for plaintiffs' use, unless the conversion burner was removed or disconnected.

Plaintiffs stated further that they have paid all charges for gas purchased by them and are ready and willing to pay all charges for such gas consumption in the future, and that the proposed action of the defendant is in violation of its duty as a public utility corporation, is in violation of its contract with plaintiffs, is in violation of the applicable rules and regulations of the Public Utilities Commission of Ohio and of the laws of the state of Ohio, that if said gas is turned off plaintiffs will be damaged, and that the health and safety of plaintiffs will be impaired. Plaintiffs prayed for a restraining order to restrain defendant from shutting off said gas.

To this petition the defendant filed an answer in which it admits that the plaintiff installed a conversion burner in their home for the purpose of heating it by gas, that defendant on or about May 6, 1948, notified plaintiff to disconnect the burner, and that if it was not disconnected within 10 days, defendant would shut off the gas in plaintiffs' home. For its defense defendant denied that its proposed action is in violation of any contract with plaintiffs or its duty as a utility or the rules and regulations of the Public Utilities Commission or the laws of Ohio, and denied that it had any contract to furnish plaintiffs gas for heating their home.

For further defense defendant alleged that the Pub-

lic Utilities Commission of Ohio, on September 15, 1947, after a full hearing, issued certain emergency orders effective September 16, 1947, to the effect that no distributing utility shall supply or be required to supply natural gas service to any consumer present or prospective in the state of Ohio for equipment designed to furnish the source of space heating that replaces other fuels; that this gas-conversion burner installed by plaintiffs replaced equipment using fuel other than natural gas; that on October 3, 1947, the Public Utilities Commission made a supplemental emergency order which provided in rule 4 that when any consumer has connected gas-fired space-heating equipment which is not eligible for service, the utility shall forthwith in writing direct such consumer to disconnect such equipment; that upon failure so to disconnect it within 10 days the utility shall discontinue the entire supply of natural gas to such consumer until such disconnection is made; and that the notice to plaintiffs to disconnect their conversion burner was made in pursuance to said order. On April 1, 1948, the commission made a second supplemental emergency order, and in pursuance to the same defendant filed with said commission a written statement of its estimated ability to supply natural gas during the continuance of the present emergency.

Answering further, defendant alleged that the total natural gas to be supplied for such equipment exceeds the defendant's estimated ability to furnish such supply during the continuance of the present emergency, and that it does not have sufficient supplies of natural gas from its own wells, wells under its control or from local producing and distributing companies to serve all its present and prospective demands.

A copy of these emergency orders made by the Public Utilities Commission is attached to the answer of defendant and made a part thereof.

To this answer, the plaintiffs filed a reply in which they admit the orders made by the Public Utilities Commission of Ohio, but claim that the order made as of April 1, 1948, has no application to plaintiffs or to the defendant for the reason that such order provides that it shall not be applicable to any gas producing and distributing company that has sufficient supplies of natural gas, and that defendant has sufficient supplies of natural gas, which is shown by the number of installations it has made for commercial enterprises and industrial enterprises prior to and after April 1, 1948.

The reply says further that the second supplemental emergency order of the Public Utilities Commission is unconstitutional in that it amounts to an unconstitutional delegation of legislative authority to The East Ohio Gas Company and in its application is a denial of equal protection of the laws under the state and federal Constitutions by reason of the fact that it permits The East Ohio Gas Company to arbitrarily discriminate among consumers, that The East Ohio Gas Company has arbitrarily discriminated against consumers, and that, since such conversion burner was installed by plaintiffs the defendant has installed and connected a number of other gas conversion burners and gas units, both replacement and new units, which shows that The East Ohio Gas Company does have sufficient gas to supply these plaintiffs.

The questions involved in this case necessitate an examination of the General Code of Ohio as to the rights and power of the Public Utilities Commission.

Section 614-3, General Code, provides as follows:

"The Public Utilities Commission of Ohio is hereby vested with the power and jurisdiction to supervise and regulate 'public utilities' and 'railroads' as herein defined and provided and to require all public utilities to furnish their products and render all services exacted by the commission, or by law, and also to pro-

mulgate and enforce all orders relating to the protection, welfare and safety of railroad employees and the traveling public.''

We find in Section 614-67, General Code, the following:

''Whenever the commission shall be of the opinion that any public utility or railroad has failed, omitted or neglected to obey any order made with respect thereto, or is about to fail or neglect so to do, or is permitting anything, or about to permit anything contrary to, or in violation of law, or an order of the commission, duly authorized under the provisions of this act, the Attorney General, upon the request of the commission, shall commence and prosecute such action, actions, or proceedings in mandamus or by injunction in the name of the state, as may be directed by the commission, against such public utility or railroad, alleging the violation complained of and praying for proper relief, and in such case the court may make such order as may be proper in the premises.''

It is apparent from the two sections of the Code heretofore quoted that this is a matter between the Public Utilities Commission and plaintiffs, and that if plaintiffs claim any irregularities they should have proceeded as provided in Section 549, General Code, which is as follows:

''No court other than the Supreme Court shall have power to review, suspend or delay any order made by the commission, or enjoin, restrain or interfere with the commission or any member thereof in the performance of official duties. Nor shall the writ of mandamus be issued against the commission or any member thereof by any court other than the Supreme Court.''

It is apparent from the agreed stipulation by counsel in this case that plaintiffs did at least attempt to proceed as provided in Section 549, General Code, by taking an appeal to the Supreme Court of Ohio.

The Public Utilities Commission is an administrative body and it is the duty of the plaintiffs to make complaint to them if defendant has not complied with any of their orders. We find in the case of *Chillicothe Electric Railroad, Light & Power Co.* v. *Norfolk & Western Ry. Co.*, 5 Ohio App., 151:

"1. By the provisions of Section 588, General Code, the Public Utilities Commission has authority to order the erection of a gate where the tracks of a railroad cross a public street at grade, but such gate can only be lawfully ordered erected at such crossing.

"2. Such commission, being an administrative body, is presumed to know whether its order has been obeyed, and in the absence of a suit by it to enforce such order the courts will presume that in the opinion of the commission its order has been obeyed.

"3. When the commission has ordered a gate placed at such crossing and has taken no steps, under the provisions of Section 614-67, General Code (102 O. L. 570), to enforce such order, the courts will conclude that in the opinion of the commission the gate has been located at the crossing and that such location of the gate is the order of the commission, and hence the provisions of Section 549, General Code (103 O. L. 816), divest the Court of Common Pleas and the Court of Appeals of jurisdiction to restrain the erection of such gate at such location on the ground that the gate was not located at the crossing."

We find also the questions herein involved have been decided in a recent case entitled *City of Akron* v. *Public Utilities Commission,* 149 Ohio St., 347, 78 N. E. (2d), 890:

"A temporary and state-wide order of the Public Utilities Commission, which is adopted and promulgated after a hearing and upon a finding that such order is essential to protect the health and safety of the people of the state because of a serious shortage of

natural gas for consumption and use by Ohio consumers which shortage is due in part to greatly increased demands of consumers for gas to be used in space heating of homes and which order in part requires that 'no distributing utility shall supply or be required to supply natural gas service to any consumer, present or prospective, in the state of Ohio for equipment designed to furnish the source of space heating that replaces other fuels, or for additional space heating,' is a valid exercise of the police power of the state and binding on all parties to contracts for the sale and purchase of natural gas, whether municipalities, corporations or individuals.''

In conclusion this court is of the opinion under the facts in this case and the law as we have hereinbefore stated that the recourse of plaintiffs must be either before the Public Utilities Commission or the Supreme Court of Ohio, that all questions in connection with the orders of the commission or the constitutionality of its orders must be raised either before the Public Utilities Commission or the Supreme Court of Ohio, and that the judgment of the court below in finding that it did not have jurisdiction of the matters claimed by plaintiffs was correct.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

PUTNAM, P. J., and MONTGOMERY, J., concur.