CITY OF COLUMBUS, APPELLEE, *v.* THE NEW YORK CENTRAL RAILROAD CO., APPELLANT.

(No. 6390—Decided July 15, 1960.)

*Mr. Russell Leach*, city attorney, *Mr. C. Howard Johnson, Jr.*, and *Mr. Alba L. Whiteside*, for appellee.
*Messrs. Wilson & Rector*, for appellant.

McLAUGHLIN, J. This appeal is on questions of law from a judgment overruling a demurrer and granting a permanent injunction.

Plaintiff, city of Columbus, appellee herein, is herein called the "City." Defendant, The New York Central Railroad Company, appellant herein, is herein called the "Railroad." The Public Utilities Commission of Ohio is herein called the "Commission."

The City's petition for injunction alleged in substance:

(A) That the Railroad, in the Commission's proceeding No. 28823, notified the Commission in writing that the Railroad was discontinuing the operation of its train No. 321 between Cleveland and Cincinnati.

(B) That hearings were had before an attorney-examiner whose report and recommendations were adopted by the Commission, resulting in the following directive to the Railroad, dated December 31, 1959:

"Ordered, that the New York Central Railroad Company is to reinstate immediately the passenger train operation formerly conducted by its train No. 321 from Cleveland to Cincinnati via Columbus, Dayton and other intermediate points."

(C) That during the month of January 1960, the defendant filed notice with the Commission that on February 7, 1960, it was discontinuing the operation of train No. 321 between Columbus, London, Springfield, Dayton, Middletown, Winton Place and Cincinnati, Ohio.

(D) That discontinuance of this train service between Columbus and Cincinnati would be a violation of the order of the Commission, above quoted, and would result in inadequate service to the citizens of Columbus and would work irreparable injury to the City.

(E) That the City has no adequate remedy at law.

The Common Pleas Court issued a temporary injunction, which the Railroad moved to dissolve. This motion was overruled after a hearing. The Railroad then demurred to the petition, which demurrer was overruled. The Railroad elected not to plead further, and final judgment granting a permant injunction was rendered. This appeal on questions of law results.

In the assignment of errors it is claimed that the Court of Common Pleas should have sustained the demurrer.

The demurrer sets forth the following grounds:

I. The court had no jurisdiction of the subject matter of this action.

It is obvious that the subject matter of this action is the order of the Commission in its proceeding No. 28823, as quoted, *supra*. The basis of the petition was that the Railroad was violating that order. The real prayer was to enjoin the Railroad from such violation.

It has been held that a railroad need not ask the consent of the Commission to diminish its train service unless such action will amount to an abandonment of service. See *State* v. *Western Union Telegraph Co.*, 154 Ohio St., 511, and *In re Proposed Discontinuance of Service of New York Central Train No. 421: City of Delaware* v. *Public Utilities Commission*, 161 Ohio St., 332.

A final order of injunction therefore prevents the railroad from doing something that it could do without any permission of the Commission. The legal effect of that final order is to extend and continue for an indefinite period of time the train service involved. The legal effect of that final order is also to review and affirm the Commission's order to reinstate. We hold that the Court of Common Pleas had no jurisdiction of the subject matter of the action due to Section 4903.12 of the Revised Code, which reads as follows:

"No court other than the Supreme Court shall have power to review, suspend, or delay any order made by the Public Utilities Commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties. A writ of mandamus shall not be issued against the commission or any commissioner by any court other than the Supreme Court."

A consideration of this statute clearly shows that it was the intention of the General Assembly to provide that orders respecting railroad train service are solely a matter for consideration by the Commission and the Supreme Court. By statute, the Commission has plenary and exclusive jurisdiction of railroads furnishing service to the public, and full jurisdiction to hear and determine all complaints that any party may make against

the railroad touching the adequacy of the service, and all issues in connection with orders of the Commission must be tried before the Commission or before the Supreme Court. To hold otherwise is to vest in a court other than the Supreme Court the authority to review the orders of the Commission. The demurrer should have been sustained upon this ground alone.

II. The second ground of the demurrer contends that the City is not a proper party plaintiff in said action.

This ground, standing alone, would not have been sufficient to sustain the demurrer. If the Common Pleas Court had jurisdiction of the subject matter and the petition otherwise stated a cause of action, the City would be a proper party plaintiff.

III. The third ground of the demurrer contends that the petition does not state facts which show a cause of action. ·

1. The petition does not state facts which show that the City will be irreparably damaged.

We pass this sub-ground for the reason that the question is, in our opinion, a matter to be heard and determined by the Commission or the Supreme Court.

2. The City has an adequate remedy at law.

3. The City has not exhausted the administrative processes available to it.

4. There is a presumption in law that the Railroad has not violated any order of the Commission.

5. There is no allegation in the petition that the Railroad contemplated action which would amount to an abandonment.

The Railroad might have relied solely upon the lack of allegations in the petition as to abandonment of service and an exhaustion of legal remedies. However, the petition alleges, in substance, that the Railroad after being denied Commission approval to discontinue all of train No. 321 between Cleveland and Cincinnati, pursuant to statute and Commission Rule No. 29 (in evidence on Railroad's motion to dissolve the temporary injunction), "during the month of January 1960—filed notice with the Commission that on February 7, 1960, it was discontinuing the operation of train No. 321 between Columbus * * * and Cincinnati." (In evidence on the Railroad's motion to dissolve is a letter of the City and the railroad brotherhoods, entering ap-

pearance before the Commission and protesting the contemplated partial discontinuance of train service.)

This is a new and separate proceeding before the Commission fully authorized by statute and rule. It provides an adequate remedy at law to the City. Furthermore, the protests filed indicate that the City is pursuing its administrative processes, that the same are still pending and have not been exhausted.

The allegations of the petition affirmatively indicate the absence of any action by the Commission to enforce its order of December 31, 1959. This creates a presumption in law that the Commission does not consider that its order has been violated. See *Chillicothe Electric Rd., Light & Power Co. v. Norfolk & Western Ry. Co.*, 5 Ohio App., 151.

It is, therefore, our opinion that the City's petition not only fails to state facts sufficient to constitute a cause of action for failure to allege abandonment and exhaustion of legal remedies, but on the contrary shows affirmatively that the City has an adequate remedy at law which it is using and has failed to exhaust.

The demurrer should have been sustained.

*Judgment reversed.*

YOUNGER and CRAWFORD, JJ., concur.

YOUNGER, P. J., of the Third Appellate District, McLAUGHLIN, J., of the Fifth Appellate District, and CRAWFORD, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.